# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| FREDDIE M. WREN, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1: 06-CV-53 CAS |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent, | ) ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Freddie M. Wren's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government has responded to the motion and Wren has filed a reply. The Court will deny the motion for the reasons set forth below.

### I. BACKGROUND

A jury convicted Freddie M. Wren, Jr. on three counts: (1) aiding and abetting the distribution of five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 851 and 18 U.S.C. § 2; (2) distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and (3) possession with the intent to distribute a substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 851.

At the time of sentencing, Wren had two previous criminal convictions for felony drug offenses. The prior convictions subjected him to enhanced penalty provisions, and thereby increased his mandatory minimum sentence from five years to ten years. The government filed a notice of enhanced sentence on March 11, 2005. (Govt. Ex. 5.) The Court sentenced Wren to 120 months

1

imprisonment and eight years supervised release. United States v. Freddie M. Wren, 1:04-CR-00170-CAS.

On August 26, 2005, counsel filed a notice of appeal. (Govt. Ex. 1.) On October 3, 2005, counsel moved to withdraw the appeal following Wren's request. (Govt. Ex. 2.) On October 14, 2005, Wren signed and dated his request for withdrawal of his appeal. (Govt. Ex. 3.) On October 28, 2005, the Eighth Circuit granted the motion and dismissed Wren's appeal.

Wren now moves pro se to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing counsel was ineffective in: (1) failing to file notice of appeal; and (2) failing to challenge the improper sentence imposed by the Court.

The government argues that counsel did, in fact, file a notice of appeal, but subsequently withdrew the appeal per Wren's instructions. The government also maintains that the 120-month sentence was proper because Wren's prior criminal conviction increased his mandatory minimum sentence to ten years (120 months) under 21 U.S.C. § 841(b)(1)(B). Further, the government asserts that it provided the requisite notice of enhanced sentence pursuant to 21 U.S.C. § 851.

Wren replied, stating counsel was ineffective in "tricking the Defendant into signing the withdrawal of his direct appeal."

**II. DISCUSSION**

A defendant may file a motion to vacate, set aside, or correct a sentence on the following grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the petitioner's claims must demonstrate a fundamental miscarriage

of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). However, 'a § 2255 motion "can be dismissed without a hearing if: (1) the allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

Here, the allegations presented in Wren's § 2255 motion are contradicted by the record. The record shows that counsel filed a notice of appeal on August 26, 2005. (Govt. Ex. 1.) Counsel moved to withdraw the appeal following Wren's request on October 3, 2005. (Govt. Ex. 2.) Wren signed and dated his request for withdrawal of his appeal on October 14, 2005. (Govt. Ex. 3.) On October 28, 2005, the Eighth Circuit granted the motion and dismissed the appeal. Accordingly, Wren's first argument fails.

In his reply, Wren further claims that counsel was ineffective because he tricked him into withdrawing his direct appeal. Ineffective assistance of counsel claims generally require a movant to show both deficient performance by counsel and prejudice to the defense caused by that performance. Strickland, 466 U.S. 668, 687. However, an attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling the movant to § 2255 relief without inquiry into prejudice or likely success on appeal. Holloway v. United States, 960 F.2d 1348, 1356-57 (8th Cir.1992).[1] "The appropriate remedy is to remand for re-sentencing, thus affording the

---

[1] In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the United States Supreme Court explained that in those cases in which an attorney has consulted with the defendant about an appeal, counsel "performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal."

petitioner an opportunity to take a timely direct appeal." Barger v. United States, 204 F.3d 1180, 1182 (8th Cir.2000).

For such a claim to succeed, Wren must show that he did not instruct his counsel to withdraw his appeal. Holloway, 960 F.2d at 1357. "A bare assertion by the petitioner that [ ]he made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." Barger, 204 F.3d at 1182; see also Rodriguez v. United States, 964 F.2d 840, 842 (8th Cir.1992) (per curiam).

Wren's filings offer no sworn factual statement for his bare assertion that he did not consent to move to withdraw his appeal. The sole basis for assuming that Wren wanted to pursue his appeal is his statement that counsel had not prepared the appeal and could not meet the deadline. Accordingly, this claim fails. An averment in petitioner's affidavit that he instructed his attorney to file an appeal was self-serving and self-contradicting, and was insufficient to "render the motion, files, and records of this case [which all indicated that petitioner did not want to appeal] inconclusive on the question of whether petitioner instructed his counsel to appeal.") Holloway v. United States, 960 F.2d 1348, 1358 (8th Cir. 1992) (affirming district court's denial of ineffective assistance claim without evidentiary hearing). See also United States v. Davis, No. 99-4020 (8th Cir. 10/16/2000) (unpublished per curiam) (where § 2255 petitioner's assertion that he instructed appellate counsel to file an appeal was an unverified statement in his brief, uncorroborated by the record, district court did not abuse its discretion in denying the claim.)

Wren next claims that counsel should have challenged his sentence on grounds of impropriety. This argument is contradicted by law. Title 21 U.S.C. § 841(b)(1)(B) calls for a term of imprisonment not less than ten years when a defendant has a prior conviction. At the time of

sentencing, Wren had two previous criminal convictions for felony drug offenses. The prior convictions subjected him to enhanced penalty provisions, and thereby increased his mandatory minimum sentence from five years to ten years. The government filed a notice of enhanced sentence on March 11, 2005. (Govt. Ex. 5.) Therefore, 120 months is the lowest possible sentence available under the statute and the 120-month sentence imposed was both compulsory and appropriate. Based on the above, the Court concludes trial counsel's performance has not been shown to be deficient in any respect.

### III. CONCLUSION

For all of the foregoing reasons, the Court concludes that Freddie M. Wren's § 2255 motion should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Freddie M. Wren's motion to vacate, set aside, or correct his sentence is **DENIED**.

**IT IS FURTHER ORDERED** that Freddie M. Wren's request for an evidentiary hearing is **DENIED as moot.**

**IT IS FURTHER ORDERED** that a certificate of appealability shall not be issued in this case as the Court concludes that Wren has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. §2253(c)(2), or demonstrated that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003) (quoting Slack v. McDaniel, 529 U.S. 47, 484 (2000)).

**IT IS FURTHER ORDERED** that this case is dismissed.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 11TH day of July, 2006.